IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 5:11-cv-390 |
| HOME COMPANIONS PLUS, INC, d/b/a ANGELS AT HOME | JURY TRIAL DEMAND |
| Defendant. | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Angela Melton ("Melton") who was adversely affected by such practices. The Plaintiff alleges that Melton was unlawfully subjected to a sexually hostile work environment by the Defendant's Chief Executive Officer, and terminated in retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Macon Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Georgia and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Melton filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least May 2010, Defendant engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §2000e-2(a) and §2000e-3(a) by:

 (a) subjecting Angela Melton to repeated incidents of verbal and physical harassment which resulted in a sexually hostile work environment; and

 (b) altering the terms and conditions of Melton's employment and discharging Melton from her employment in retaliation for complaining about unlawful sexual harassment.

8. Melton began working for Defendant in or around March 2010, as an Office Manager.

9. Keith Henson ("Henson"), Defendant's co-owner and CEO, began subjecting Melton to sexually harassing conduct in May 2010.

10. In May 2010, Melton complained to Stephanie Henson, Defendant's co-owner, Chief Financial Officer, and wife of Keith Henson.

11. Stephanie Henson responded by telling Melton that she had no control over her husband and that Melton should just go about her work.

12. From May 2010 to May 2011 Keith Henson repeatedly made crude, unwelcomed comments of a sexual nature to Melton, such as commenting on Melton's body parts, describing vivid sexual fantasies about her, frequently inquiring about her sex life, and coming to her home.

13. Melton was also subjected to physical harassment on several occasions, wherein Keith Henson initiated unwelcomed massages, attempted to hug and kiss Melton and grabbed her thighs.

14. After Melton repeatedly rejected Keith Henson's advances, he warned Melton that he did not take rejection well, and that "there will be consequences."

15. From April 4, 2011 through the end of Melton's employment with Defendant, Keith Henson repeatedly yelled at Melton and unjustifiably scrutinized and criticized her work.

16. On or about May 12, 2011, Melton again complained to the CFO,

Stephanie Henson, about Keith Henson's harassment, and was told that "he has done this before and has a serious problem."

17. Stephanie Henson again advised Melton "to just ignore him."

18. On or about May 19, 2011, Melton filed a Charge with the EEOC.

19. On or about May 24, 2011, during a staff meeting, Stephanie Henson announced that she had reason to believe that Melton had filed a charge with the EEOC and that she could no longer be trusted.

20. Thereafter, Melton was told by Stephanie Henson to hand in her keys, was denied unescorted access into the building, denied unfettered access to Defendant's computer system, and was physically moved from her office to the reception area so others could monitor her conduct.

21. On July 6, 2011, Melton was unlawfully discharged in retaliation for opposing the unlawful conduct and/or for filing a charge with the EEOC.

22. The effects of the practices complained of in paragraphs 7-21 above have been to deprive Angela Melton of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and because she engaged in protected activity under Title VII.

23. The unlawful employment practices complained of in paragraph 7-21 above were intentional and were carried out with malice and/or reckless

indifference to the federally protected rights of Angela Melton.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sexual harassment against employees and engaging in any other employment practice which discriminates on the basis of sex.

B.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices which retaliate against employees who engage in protected activity.

C.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

D.  Order Defendant to make whole Angela Melton, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other

affirmative relief necessary to eradicate the effects of its unlawful employment practices.

 E. Order Defendant to make whole Angela Melton by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

 F. Order Defendant to make whole Angela Melton by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

 G. Order Defendant to pay to Angela Melton punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

 H. Grant such further relief as the Court deems necessary and proper.

 I. Award the Commission its costs in this action.

[Jury Trial Demand and signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                                Respectfully submitted,

                                                P. DAVID LOPEZ
                                                General Counsel

                                                JAMES L. LEE
                                                Deputy General Counsel

                                                GWENDOLYN YOUNG REAMS
                                                Associate General Counsel

| | |
|---|---|
|       9/29/11<br>Date | s/ Robert K. Dawkins<br>Robert K. Dawkins<br>Regional Attorney<br>Georgia Bar No. 076206<br>robert.dawkins@eeoc.gov |
| James L. Cerwinski<br>Trial Attorney<br>Georgia Bar No. 277846<br>james.cerwinski@eeoc.gov | Ottrell Edwards<br>Supervisory Trial Attorney<br>Georgia Bar No. 141979<br>ottrell.edwards@eeoc.gov |
| | U.S. Equal Employment Opportunity Commission<br>Atlanta District Office<br>100 Alabama St., SW, Suite 4R30<br>Atlanta, Georgia 30303<br>Telephone:  (404) 562-6818<br>Facsimile:   (404) 562-6905 |